# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BBCN Bank

Plaintiff(s),

v.

Lee et al

Defendant(s).

Case No. 15 c 525
Judge Virginia M. Kendall

## ORDER

The Court denies Lee's motion to dismiss (Dkt. No. 26) and sets a status hearing in this case for August 31, 2015.

## STATEMENT

On January 20, 2015, Plaintiff BBCN Bank instituted this mortgage foreclosure action against Defendants Heok Je Lee, Young Soo Kim, Sanders Green Homeowners Association, State Farm Bank, and Target National Bank. (Dkt. No. 1.) Lee moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 26.) The Court therefore takes the following facts from BBCN's complaint and treats them as true for purposes of this motion. *See Olson v. Champaign County, Ill.*, 784 F.3d 1093, 1095 (7th Cir. 2015). BBCN seeks to foreclose two mortgages issued to Lee. On December 20, 2007, Lee executed an Adjustable Rate Note in favor of Foster Bank in the principal amount of $779,000. (Dkt. No. 1 at ¶ 10.) To secure the indebtedness, Lee executed a mortgage in favor of Foster, pledging a property in Northbrook, Illinois. (*Id.* at ¶ 11.) Similarly, on March 19, 2013, Lee executed a Promissory Note in favor of Foster in the principal amount of $48,000. (*Id.* at ¶ 16.) To secure this second indebtedness, Lee executed another mortgage in favor of Foster, pledging the same Northbrook, Illinois property. (*Id.* at ¶ 17.) BBCN alleges that Lee is now in default under the terms and provisions of both notes. (*Id.* at ¶¶ 13, 18.)

BBCN contends that, as successor to Foster, it is the owner and legal holder of both notes and mortgages. (*Id.* at ¶¶ 23(n); 26(n).) On August 13, 2013, Foster and BBCN merged. (*Id.* at ¶ 4.) BBCN attached an Agreement of Bank Merger "for the merger of Foster Bank (Disappearing Bank) with and into BBCN Bank (Bank)" which states that "the Surviving Bank shall succeed, without other transfer, to all the rights and properties, and shall be subject to all the debts and liabilities, of [Foster] Bank." (Dkt. No. 1, Ex. A.) The Merger Agreement further states that "BBCN and Foster desire to merge [Foster] Bank with and into" BBCN. (*Id.*) On January 2, 2013, BBCN sent Lee a demand letter, demanding payment of all amounts due under both notes. (Dkt. No. 1 at ¶¶ 14, 19.) As of January 16, 2015, Lee owes BBCN $846,265.91 under the first note and $48,908.64 pursuant to the second note.[1] (*Id.* at ¶¶ 15, 20.)

---

[1] Interest is accruing at a per diem rate of $68.67 on the first note and $6.54 on the second. (*Id.* at ¶¶ 15, 20.)

Citing Rule 12(b)(6), Lee moves to dismiss BBCN's complaint for failure to state a claim, arguing that BBCN failed to allege that it is a transferee or an assignee of the mortgages and notes from Foster, the original lender.[2] (Dkt. No. 26 at ¶¶ 2-7.) "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 914 (7th Cir. 2015) (citations and internal quotation marks omitted). When analyzing a motion seeking dismissal of a complaint for failure to state a claim, the Court accepts all well-pleaded facts as true and views them in a light most favorable to the plaintiff. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014).

Lee's only argument for dismissal is that BBCN failed to allege that it is entitled to the notes and mortgages when Foster was the original lender. The Court denies Lee's motion to dismiss because the Merger Agreement explicitly states that BBCN "shall succeed, without other transfer, to all the rights and properties, and shall be subject to all the debts and liabilities" of Foster. (Dkt. No. 1, Ex. A.) The Court may consider the Merger Agreement in ruling on Lee's motion because it is attached to BBCN's complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) ("Taking all facts pleaded in the complaint as true and construing all inferences in the plaintiff's favor, we review the complaint and all exhibits attached to the complaint.") (quoting *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007)). By merging, BBCN assumed all rights and obligations previously held by Foster. Accordingly, BBCN properly pled that it is entitled to enforce the notes and mortgages originally issued by Foster to Lee. The Court denies Lee's motion to dismiss and sets a status hearing in this case for August 31, 2015.

Date:  8/13/2015

_____
Virginia M. Kendall
United States District Judge

---

[2] Lee failed to submit a reply brief in support of his motion to dismiss. *See* Dkt. No. 28 (briefing schedule order setting reply due date as July 28, 2015). The Court therefore rules without the benefit of a reply brief.